SHEPPARD MULLIN RICHTER & HAMPTON LLP
  Limited Liability Partnership
  Including Professional Corporations
TRACEY A. KENNEDY, Cal. Bar No. 150782
  tkennedy@sheppardmullin.com
LIMORE TORBATI, Cal. Bar No. 301932
  ltorbati@sheppardmullin.com
TIMOTHY T. KIM, Cal. Bar No. 314365
  tkim@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:    213.620.1780
Facsimile:    213.620.1398

Attorneys for Defendants
COMERICA INCORPORATED, COMERICA BANK, and COMERICA MANAGEMENT COMPANY, INC.

SUPERIOR COURT OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| GABRIEL TOLLEN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>COMERICA INCORPORATED, a Delaware Corporation; COMERICA BANK, a Texas Corporation; and COMERICA MANAGEMENT COMPANY, INC., a Michigan Corporation; and Does 1 through 50, inclusive,<br><br>Defendants. | Case No. 37-2020-00016620-CU-OE-CTL<br><br>Assigned for All Purposes to:<br>Richard E. L. Strauss<br>Department 75<br><br>**DEFENDANTS COMERICA INCORPORATED, COMERICA BANK, AND COMERICA MANAGEMENT COMPANY, INC.'S ANSWER TO THE UNVERIFIED COMPLAINT**<br><br>Complaint Filed: May 19, 2020 |

SMRH:4812-8777-8244.1                    DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

Defendants Comerica Incorporated, Comerica Bank, and Comerica Management Company, Inc. ("Defendants") hereby answer the unverified Complaint of Plaintiff Gabriel Tollen ("Plaintiff"), as follows:

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure section 431.30, Defendants deny, generally and specifically, each and every allegation, statement, and matter, and each purported cause of action contained in Plaintiff's Complaint, and, without limiting the generality of the foregoing, denies generally and specifically that Plaintiff has been damaged in any way at all by reason of any acts or omissions of Defendants.

## ADDITIONAL DEFENSES

In further answer to Plaintiff's Complaint, Defendants allege the following additional defenses. In asserting these defenses, Defendants do not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

## FIRST DEFENSE

**(Failure to State a Cause of Action)**

1. As to Plaintiff's Complaint, or any purported cause of action therein alleged, Plaintiff fails to state facts sufficient to constitute claims upon which relief can be granted against Defendants.

## SECOND DEFENSE

**(Statute of Limitations)**

2. Plaintiff's purported causes of action are barred, in whole or in part, to the extent Plaintiff seeks relief for any purported claims that were not brought before the expiration of the applicable statute(s) of limitations, including but not limited to, Government Code sections 12960(d) and 12965(b), California Code of Civil Procedure sections 335.1, 338, 339, 340, and 343, and California Business & Professions Code section 17208.

**THIRD DEFENSE**

**(Estoppel)**

3. Plaintiff, by his conduct, is estopped to assert any cause of action against Defendants.

**FOURTH DEFENSE**

**(Waiver)**

4. Plaintiff's Complaint, and each and every cause of action alleged therein, is barred by the doctrine of waiver.

**FIFTH DEFENSE**

**(Unclean Hands)**

5. Plaintiff's Complaint, and each and every cause of action alleged therein, is barred by the doctrine of unclean hands.

**SIXTH DEFENSE**

**(Release)**

6. The claims of Plaintiff and putative class members are barred to the extent they executed a release of claims or were a class member in a settlement class that extinguished their claims, in whole or in part.

**SEVENTH DEFENSE**

**(Excessive Penalties Unconstitutional)**

7. The penalties claimed by Plaintiff in this case are excessive and thus violate Defendants' rights under the state and federal Constitutions.

**EIGHTH DEFENSE**

**(No Willful Violation of Labor Code Section 203)**

8. Plaintiff's claims for Labor Code section 203 penalties fail because Defendants did not willfully fail to comply with the requirements of the California Labor Code, including, without limitation, sections 201 and 202.

**NINTH DEFENSE**

**(Good Faith Dispute)**

9. Neither Plaintiff nor the putative class members are entitled to Labor Code section 203 penalties because a good faith dispute exists as to the monies allegedly owed at the time of the termination of employment, such that Defendants cannot be held to have willfully failed to comply with the requirements of the applicable Labor Code sections.

**TENTH DEFENSE**

**(Meal Periods Provided)**

10. Plaintiff's claims for penalties and damages arising out of alleged meal period violations are barred because Defendants provided the opportunity to Plaintiff and the putative class members to take timely meal breaks, and Defendants are not liable for unpaid wages, damages or penalties, or otherwise responsible, when Plaintiff or putative class members voluntarily elect not to use the meal period opportunities provided to them.

**ELEVENTH DEFENSE**

**(Rest Breaks Authorized and Permitted)**

11. Plaintiff's claims for penalties and damages arising out of alleged rest break violations are barred because Defendants provided the opportunity to, and authorized and permitted, Plaintiff and the putative class members to take timely rest breaks, and Defendants are not liable for unpaid wages, damages or penalties, or otherwise responsible, when Plaintiff or putative class members voluntarily elect not to use the rest break opportunities provided to them.

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Suffering or Permitting to Work)**

12. Plaintiff's claims for unpaid wages are barred to the extent that he performed work without notifying Defendants and Defendants were not otherwise aware the work was being done.

## THIRTEENTH DEFENSE

### (Set Off)

13. To the extent that Plaintiff and/or putative class are entitled to damages or penalties, Defendants are entitled to an offset for any overpayments of wages or other consideration previously provided to those parties.

## FOURTEENTH DEFENSE

### (Non-Certifiable Class)

14. As to Plaintiff's Complaint, or any purported cause of action therein alleged, Plaintiff fails to state facts, and is unable to state facts, sufficient to certify a class and this action is not properly brought as a class or collective action.

## FIFTEENTH DEFENSE

### (Inadequate Representative)

15. Plaintiff fails to serve as an adequate representative of any class that he seeks to represent in this action.

## SIXTEENTH DEFENSE

### (*De Minimis*)

16. Any time that Plaintiff or the putative class members worked for which they were not compensated, if any, was *de minimus* and therefore not compensable.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Section 17200 Standing)

17. Plaintiff's claims under Business & Professions Code section 17200, *et seq.*, are barred to the extent that Plaintiff lacks standing to sue pursuant to Business & Professions Code sections 12703 and 12704.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Recovery Under UCL)

18. Plaintiff improperly seeks through his cause of action under Business & Professions Code section 17200 (the "UCL") to recover monies that are not recoverable under the UCL.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Binding Arbitration)

19. The Complaint, and each purported cause of action alleged therein, are barred because the controversies alleged therein are subject to one or more written agreements to arbitrate between Plaintiff and his former employer.

## PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff take nothing by his unverified Complaint;

2. That judgment be entered in favor of Defendants and against Plaintiff on all causes of action;

3. That Defendants be awarded reasonable attorneys' fees according to proof, if applicable;

4. That Defendants be awarded the costs of suit incurred herein; and

5. That Defendants be awarded such other and further relief as the Court may deem appropriate and proper.

Dated:  August 6, 2020

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  */s/ Timothy Kim*

TRACEY A. KENNEDY
LIMORE TORBATI
TIMOTHY T. KIM
Attorneys for Defendants
COMERICA INCORPORATED,
COMERICA BANK, and COMERICA
MANAGEMENT COMPANY, INC.

<u>PROOF OF SERVICE</u>

<u>STATE OF CALIFORNIA, COUNTY OF LOS ANGELES</u>

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 333 South Hope Street, 43rd Floor, Los Angeles, CA 90071-1422.

On August 6, 2020, I served true copies of the following document(s) described as **DEFENDANTS COMERICA INCORPORATED, COMERICA BANK, AND COMERICA MANAGEMENT COMPANY, INC.'S ANSWER TO THE UNVERIFIED COMPLAINT** on the interested parties in this action as follows:

**SERVICE LIST**

| | |
|---|---|
| David C. Hawkes<br>Blanchard, Krasner & French<br>dhawkes@bkflaw.com<br>800 Silverado St., 2nd Floor<br>La Jolla, CA 92037<br>Telephone: (858) 551-2440<br>Facsimile: (858) 614-7008 | David A. Huch<br>Law Office of David A. Huch<br>david.a.huch@gmail.com<br>3281 E. Guasti Rd., Ste. 700<br>Ontario, CA 91761<br>Telephone: (909) 212-7945<br>Facsimile: (909) 614-7008 |

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 6, 2020, at Los Angeles, California.

Donna J. McCurdy

SMRH:4812-8777-8244.1